JOE SHIELDS
16822 Stardale Lane
Friendswood, Texas 77546
Phone: 281-482-7603

JOE SHIELDS IN PRO PER

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE SHIELDS | ) | CIVIL ACTION No. _____ |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SEARS, ROEBUCK AND COMPANY, HOME IMPROVEMENT LEADS INC., DIRECT ENERGY US HOME SERVICES INC. D/B/A HALLMARK ONE HOUR AIR CONDITIONING & HEATING AND AIR SPECIALIST HEATING AND AIR CONDITIONING COMPANY INC. | ) ) ) ) ) ) ) ) | COMPLAINT FOR CIVIL DAMAGES AND PERMANENT INJUNCTIVE RELIEF |
| Defendants | ) | JURY TRIAL REQUESTED |

ORIGINAL COMPLAINT

1. Plaintiff Joe Shields brings this action under the Telephone Consumer Protection Act (hereinafter TCPA), 47 U.S.C. §227, (1991) and the Code of Federal Regulations (hereinafter CFR) implementing the TCPA, 47 CFR §64.1200 to obtain statutory civil damages, treble damages, permanent injunctive relief and all other equitable relief the Plaintiff is entitled to.

JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 47 U.S.C. §227(b)(3) and 28 USC §1357. Federal

Courts have federal question jurisdiction, 28 USC §1331, because this case is about a cause of action created by a federal statute namely 47 U.S.C. §227(b)(3). Federal Courts have federal jurisdiction, 28 USC §1357, because this case is about an injury to a person under an Act of Congress namely 47 U.S.C. §227.

3. Venue is proper in this District under 28 USC §1391(b)(2) because all or a substantial part of the events or omissions giving rise to the stated claim(s) occurred in Harris County, Texas.

## PLANTIFF

4. Plaintiff is an individual residing in Harris County, Texas. Plaintiff is a cellular telephone subscriber and has had his current cellular telephone numbers since May of 2006. Prior to the events complained about Plaintiff had not initiated or requested any contact of any kind with the Defendants.

5. Plaintiff never provided prior express consent to either Defendant or anyone acting in concert with the Defendants for automatically dialed calls to be made to Plaintiff's cellular telephone number. Further, Plaintiff's cellular telephone number has been listed on the State and Federal do-not-call list since the inception of such list or upon being assigned any cellular telephone number.

## DEFENDANTS

6. Sears, Roebuck And Company (Hereinafter "Sears") is an Illinois corporation registered in Texas to conduct business under Texas laws. The Defendant may be served by serving any employee of Defendant's Texas registered agent CT Corporation System via certified mail return receipt requested at 350 North Saint Paul Street, Suite 2900, Dallas Texas 75201-4234.

7. Defendant Home Improvement Leads Inc. (hereinafter "HIL") is a Delaware corporation registered in Texas to conduct business under Texas laws. The Defendant may be served by serving any employee of Defendant's Texas registered agent CT Corporation System via certified mail return receipt requested at 350 North Saint Paul Street, Suite 2900, Dallas Texas 75201-4234.

8. Defendant Direct Energy US Home Services Inc. d/b/a Hallmark One Hour Air Conditioning & Heating (hereinafter "Direct Energy") is a Texas corporation registered in Texas to conduct business under Texas laws. The Defendant may be served by serving any employee of Defendant's Texas registered agent CT Corporation System via certified mail return receipt requested at 350 North Saint Paul Street, Suite 2900, Dallas Texas 75201-4234.

9. Defendant Air Specialist Heating & Air Conditioning Company Inc. (hereinafter "Air Specialist") is a Texas corporation registered in Texas to conduct business under Texas laws. The Defendant may be served by serving any employee of Defendant's

Texas registered agent CT Corporation System via certified mail return receipt requested at 350 North Saint Paul Street, Suite 2900, Dallas Texas 75201-4234.

### DEFENDANT SEARS' BUSINESS PRACTICES

10. The Defendant Sears acted in concert with Defendant HIL to promote air conditioning service to the Plaintiff via an automatically dialed call to Plaintiff's cellular telephone number. Defendant HIL is a lead generator. Defendant Sears purchases leads from Defendant HIL.

11. On or about August 8th, 2013 at approximately 8:06 a.m. Plaintiff's cellular telephone number rang. Plaintiff answered the call and was met with approximately 6 seconds of silence before the call was terminated by the caller. According to caller identification the call originated from 800-749-7499. That number belongs to Defendant Sears.

12. Defendant Sears uses an automatic dialing device commonly referred to as a predictive dialer that places calls according to call agent availability. When a call is connected and no call agent is available the call is disconnected. Because no call agent of the Defendant was available Defendant's automatic dialing device disconnected the automatically dialed call to Plaintiff's cellular telephone number.

13. Plaintiff called the 800-749-7499 number that had been transmitted in the caller identification stream. Plaintiff

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

reached the call center of the Defendant Sears. During that call Defendant's employees at that call center admitted that Defendant Sears had initiated the call to Plaintiff's cellular telephone number. Defendant Sears employees also admitted that the call was made for the purpose of soliciting air conditioning service.

14. On or about August 16th, 2013 Plaintiff received a call from an employee of Defendant Sears in response to Plaintiff's Cease and Desist letter to Defendant Sears. During that call Defendant Sears employee stated that Defendant Sears had placed Plaintiff cellular telephone number on Defendant Sears' do not promote list whatever that is. Defendant Sears employee did not even offer an apology to the Plaintiff for the illegal call to his cellular number.

15. Defendant Sears was asked to produce any evidence of prior express consent of the called party. Defendant Sears has not produced any such evidence. The true facts of the matter are that Defendant Sears purchased a lead from Defendant HIL and without any prior express consent of the called party as required by the TCPA initiated an automatically dialed telephone call to Plaintiff's cellular telephone number. Defendant Sears automatically dialed call was a violation of the TCPA.

### DEFENDANT HIL's BUSINESS PRACTICES

16. The Defendant HIL acted in concert with Defendant Sears to promote air conditioning service to the Plaintiff via an automatically dialed call(s) to Plaintiff's cellular telephone number. Defendant HIL is a lead generator. In the course of conducting the day to day operations of HIL's business HIL initiated several automatically dialed calls to Plaintiff's cellular telephone number without Plaintiff's prior express consent.

17. On or about August 14th, 2013 at approximately 11:51 a.m. Plaintiff's cellular telephone number rang. Plaintiff answered the call and was told that the call was in regard to heating and air conditioning service. The caller other than providing the caller's name and an email address refused to provide the identity of the entity on whose behalf the call had been made.

18. Plaintiff called the caller identification number 281-607-9027 and was told that he had reached the Defendant HIL. The caller asked why Plaintiff was calling and then immediately disconnected the call. This pattern of hanging up on the Plaintiff was repeated by employees of the Defendant HIL. Nevertheless, Plaintiff was able to determine that the Defendant HIL was the entity that had initiated the automatically dialed call to Plaintiff's cellular telephone number. As with the automatically dialed call of the Defendant Sears there was never any consent from the Plaintiff for

Defendant HIL to make an automatically dialed call to Plaintiff's cellular telephone number.

19. Despite repeated demands during the call(s) and by mail with delivery confirmation to the president of the company received on August 8th, 2013 that HIL stop initiating automatically dialed calls to my cellular telephone number Defendant Hill initiated yet another illegal automatically dialed call to Plaintiff's cellular telephone number on August 19th, 2013 at approximately 8:22 a.m. As with the previous caller(s) this particular caller also readily admitted the call was made by an automatic dialing device owned and operated by the Defendant HIL.

## DEFENDANT DIRECT ENERGY BUSINESS PRACTICES

20. The Defendant Direct Energy acted in concert with Defendant HIL to promote air conditioning service to the Plaintiff via an automatically dialed call(s) to Plaintiff's cellular telephone number. Defendant Direct Energy purchases leads from Defendant HIL.

21. On or about August 10th, 2013 at approximately 11:38 a.m. Plaintiff's cellular telephone number rang. Plaintiff answered the call and was told that the call was in regard to heating and air conditioning service. The caller refused to provide the proper name of the business the caller worked for. Further, the

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

caller hung up on the Plaintiff when Plaintiff requested that the caller properly identify themselves.

22. Plaintiff called the caller identification number 713-690-990 and was told that he had reached the Defendant Direct Energy. During the call Plaintiff asked that the calls to his cell number cease. Plaintiff was told by the Defendant Direct Energy employee that "...you do not have an account with us... ...to resolve this... ...call your telephone company and let them know they cannot call you... ...call your telephone company and tell them you don't want any calls from us." The Defendant Direct Energy employee abjectly refused to take any action on Plaintiff's request to stop the illegal automatically dialed calls to his cellular telephone number made by the Defendant Direct Energy.

## DEFENDANT AIR SPECIALIST BUSINESS PRACTICES

23. The Defendant Air Specialist acted in concert with Defendant HIL to promote air conditioning service to the Plaintiff via an automatically dialed call(s) to Plaintiff's cellular telephone number. Defendant Direct Energy purchases leads from Defendant HIL.

24. On or about August 10th, 2013 at approximately 09:01 a.m. Plaintiff's cellular telephone number rang. Plaintiff answered the call and was told that the call was from an employee of the Defendant Air Specialist in regard to heating and air conditioning service. The Defendant Air Specialist employee

readily admitted that Defendant Air Specialist did not have any do not call list. Further, Plaintiff directed the caller to contact Defendant HIL to tell Defendant HIL to stop causing the illegal automated calls to Plaintiff's cellular telephone number at which point the caller hung up on the Plaintiff.

25. Plaintiff called the caller identification number 281-831-4741 and reached voice mail. Several minutes later Plaintiff received a call again from caller identification number 281-831-4741. The caller provided the address of 1323 North Main Street, Pearland Texas which is the address of Defendant Air Specialist. On information and belief the device used to call Plaintiff's cellular number and landline number with caller identification 281-831-4741 is a device that has the capability to store telephone numbers and to dial such numbers without human intervention.

26. The Defendant Air Specialist employee identified Defendant HIL as the entity that Defendant Air Specialist had bought the lead from. Further, the caller stated that: "I have already contacted them I have sent them an email already that the lead information was bogus and for them to give the money back they charged my company to get your information."

27. The caller admitted that he was employed by Defendant Air Specialist. The caller also admitted: "We have had this service for nine years and we call cell phones all the time and this

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

happens all the time and we just get a refund." When asked if that aroused any suspicion the caller replied: "It's a numbers game."

## THE TCPA

28. The TCPA prohibits automatically dialed calls to cellular telephone numbers without the prior express consent of the called party or an emergency purpose. See 47 U.S.C. §227(b)(1)(A) and 47 CFR §64.1200(a)(1). Automatically dialed calls to cellular telephone numbers made without prior express consent of the called party are an invasion of the called party's privacy. Plaintiff's privacy was invaded by the automatically dialed calls of the Defendants. Thus, Plaintiff has suffered actual damages from the invasion of his privacy.

29. The employees of the Defendants have suggested they had consent to make automatically dialed calls to Plaintiff's cellular telephone number. Assuming arguendo that someone other than the Plaintiff may have submitted Plaintiff's cellular telephone number on some internet web site the fact remains that Plaintiff never submitted his cellular telephone number on any internet web site and thus there never was any "…prior express consent of the called party." *Id.* As to buying leads prior express consent cannot be sold or bought. Prior express consent can only come from the called party.

30. Defendants could have easily avoided violating the TCPA by manually dialing Plaintiff's cell number. The Defendants did not do so. Had Defendants manually dialed Plaintiff's cellular telephone number Defendants would have found out that the Plaintiff had never submitted his cellular telephone number on any internet web site. Thus, Defendants willfully and knowingly used an automatic dialing device to initiate telephone calls to the Plaintiff's cellular telephone number a clear and undisputable violation of the TCPA.

## VIOLATIONS OF THE TCPA

### Count I

31. Plaintiff realleges and incorporates the allegations above as though fully set forth herein. On or about August 8th, 2013 at approximately 8:06 a.m. Defendant Sears initiated an automatically dialed call to Plaintiff's cellular telephone number. The call was a typical predictive dialer[1] dead air call. The call was recorded.

32. There was never any prior express consent from the Plaintiff for anyone to initiate such automatically dialed call to Plaintiff's cellular telephone number. Thus the initiation of

---

[1] The FCC, the federal agency tasked with interpreting the TCPA, has stated in its orders that a predictive dialer is an automatic dialing device i.e. a device that dials telephone numbers without human intervention and thus falls squarely under the TCPA definition of automatic telephone dialing device. Any court addressing this issue has held the same as the FCC.

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

such automatically dialed call is a violation of 47 U.S.C. §227(b)(1)(A)(iii) and 47 CFR §64.1200(a)(1)(iii).

## Count II

33. Plaintiff realleges and incorporates the allegations above as though fully set forth herein. On or about August 10th, 2013 at approximately 9:01 a.m. Defendant Air Specialist initiated an automatically dialed call to Plaintiff's cellular telephone number. The call was recorded.

34. There was never any prior express consent from the Plaintiff for anyone to initiate such automatically dialed call to Plaintiff's cellular telephone number. Thus the initiation of such automatically dialed call is a violation of 47 U.S.C. §227(b)(1)(A)(iii) and 47 CFR §64.1200(a)(1)(iii).

## Count III

35. Plaintiff realleges and incorporates the allegations above as though fully set forth herein. On or about August 10th, 2013 at approximately 11:38 a.m. Defendant Direct Energy initiated an automatically dialed call to Plaintiff's cellular telephone number. The call was recorded.

36. There was never any prior express consent from the Plaintiff for anyone to initiate such automatically dialed call to Plaintiff's cellular telephone number. Thus the initiation of such automatically dialed call is a violation of 47 U.S.C. §227(b)(1)(A)(iii) and 47 CFR §64.1200(a)(1)(iii).

Count IV

37. Plaintiff realleges and incorporates the allegations above as though fully set forth herein. On or about August 14th, 2013 at approximately 11:51 a.m. Defendant HIL initiated an automatically dialed call to Plaintiff's cellular telephone number. The call was recorded.

38. There was never any prior express consent from the Plaintiff for anyone to initiate such automatically dialed call to Plaintiff's cellular telephone number. Thus the initiation of such automatically dialed call is a violation of 47 U.S.C. §227(b)(1)(A)(iii) and 47 CFR §64.1200(a)(1)(iii).

Count V

39. Plaintiff realleges and incorporates the allegations above as though fully set forth herein. On or about August 19th, 2013 at approximately 8:22 a.m. Defendant HIL initiated an automatically dialed call to Plaintiff's cellular telephone number. The call was recorded.

40. There was never any prior express consent from the Plaintiff for anyone to initiate such automatically dialed call to Plaintiff's cellular telephone number. Thus the initiation of such automatically dialed call is a violation of 47 U.S.C. §227(b)(1)(A)(iii) and 47 CFR §64.1200(a)(1)(iii).

APPLICABLE TO ALL COUNTS

41. Plaintiff has suffered actual damages for the initiation of automatically dialed calls to his cellular telephone number. The TCPA states that an individual may bring a civil action against a person who violates the TCPA for actual or statutory damages for each violation of the TCPA. See 47 U.S.C. §227(b)(3). Consequently, Plaintiff hereby seeks statutory damages of $500.00 for each violation of the TCPA. Thus, Plaintiff seeks $500.00 for each count.

42. Plaintiff additionally alleges that the violations of the TCPA committed by the Defendants were done willfully and/or knowingly. Pursuant to 47 U.S.C. §227(b)(3) Plaintiff seeks additional damages in an amount determined by the Court to be equal to treble the amount found by the Court in accordance with Paragraph 41 hereof.

## PERMANENT INJUNCTIVE RELIEF

43. An injunction is a matter of law pursuant to 47 U.S.C. §227(b)(3)(A) and 47 U.S.C. §227(c)(5)(A). Plaintiff and members of the public will benefit from injunctive relief.

44. Plaintiff alleges that Defendants will continue to irreparably harm Plaintiff and other members of the public by initiating automatically dialed calls to Plaintiff's and other members of the public's cellular telephone numbers without prior express consent of the called party. Plaintiff alleges that Defendant's will continue the invasion of

Plaintiff's and members of the public privacy. Consequently, Plaintiff, pursuant to 47 U.S.C. §227(b)(3)(A) and 47 U.S.C. §227(c)(5)(A), seeks a permanent injunction barring the Defendants from:

a. Initiating by or on their behalf, assisting, facilitating, permitting or causing automatically dialed calls to the cellular telephone numbers of members of the public without 1st obtaining prior express consent of the called party.

## PRAYER FOR RELIEF

25. WHEREFORE, premises considered, Plaintiff prays that the Defendants be cited to appear and answer herein and that upon trial hereof Plaintiff recover a judgment of and from the Defendants equally and severally for his damages as allowed by law, treble damages, as allowed by law, permanent injunctive relief as allowed by law, all costs of court and for all such other and further relief, at law and in equity, to which Plaintiff may show himself justly entitled.

_____
Joe Shields
Plaintiff Pro Per
16822 Stardale Lane
Friendswood, Texas 77546
Home: 281-482-7603